# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Civil Action No. _____ |
| vs. | |
| SCOTT LOWERY LAW OFFICE, P.C., a Colorado Professional Service Company, also known as P. SCOTT LOWERY, P.C.; and PHILIP SCOTT LOWERY, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff, ANNA PAWELCZAK ("PAWELCZAK"), on behalf of herself and all others similarly situated, by way of this Class Action Complaint against Defendant, says:

## I.  PARTIES

1.      PAWELCZAK is a natural person.

2.      At all times relevant to this complaint, PAWELCZAK has been a citizen of, and resided in, the Village of Mount Prospect, Cook County, Illinois.

3.      At all times relevant to this complaint, SCOTT LOWERY LAW OFFICE, P.C., also known as P. SCOTT LOWERY, P.C. ("LOWERY LAW OFFICE") is a for-profit Professional Service Company existing pursuant to the laws of the State of Colorado. LOWERY LAW OFFICE maintains its principal business address at 4500 Cherry Creek Drive South, Suite

700, City of Denver, Denver County, Colorado.

4.      LOWERY LAW OFFICE was established as a Professional Service Company pursuant to the Colorado Business Corporation Act, and the Colorado Rules of Civil Procedure, Rule 265 ("C.R.C.P. 265").

5.      As a Colorado Professional Service Company, LOWERY LAW OFFICE is governed by, *inter alia*, C.R.C.P. 265 and the Colorado Rules of Professional Conduct both as promulgated by the Colorado Supreme Court.

6.      Plaintiff is informed and believes, and on that basis alleges, that PHILIP SCOTT LOWERY is a natural person who, at all times relevant to this complaint, resided in the City of Englewood, Arapahoe County, Colorado.

7.      PHILIP LOWERY is the founder, President, sole shareholder and/or director, and managing partner of LOWERY LAW OFFICE and, acting in that capacity, PHILIP LOWERY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8.      Plaintiff is informed and believes, and on that basis alleges, that PHILIP LOWERY personally created, instituted, and with knowledge that such practices were contrary to law, acted consistent with, approved, and oversaw the illegal policies and procedures used by LOWREY LAW OFFICE's attorney and non-attorney employees that are the subject of this complaint. Plaintiff is further informed and believes, and on that basis alleges, that PHILIP LOWERY personally controls the illegal acts, policies, and practices utilized by LOWREY LAW OFFICE.

9.      Pursuant to C.R.C.P. 265 and the Articles of Incorporation for LOWERY LAW OFFICE, PHILIP LOWERY is jointly and severally liable for all of the wrongdoing committed

by LOWERY LAW OFFICE complained of herein.

## II.  JURISDICTION & VENUE

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

12.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of Illinois at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

13.     Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendant who used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

14.     Such practices include, *inter alia*:

    (a)     Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of LOWERY LAW OFFICE's identity;

    (b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

    (c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a

debt); and

(d) Leaving telephonic voice messages for consumers that use a name other than the true name of LOWERY LAW OFFICE's business, company, or organization.

15. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

16. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

17. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

18.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are:   the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

19.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

20.     The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendant.

## IV. FACTS CONCERNING PLAINTIFF

21.     Sometime prior to October 6, 2009, PAWELCZAK allegedly incurred a financial obligation ("Pawelczak Obligation").

22.     The Pawelczak Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     Defendants contend that PAWELCZAK defaulted on the Pawelczak Obligation.

24.     The Pawelczak Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25.     PAWELCZAK is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26.     PAWELCZAK is informed and believes, and on that basis alleges, that sometime prior to October 2009, the Pawelczak Obligation was either directly or through intermediate transactions assigned, placed, or transferred to LOWERY LAW OFFICE for collection.

27.     LOWERY LAW OFFICE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28.     LOWERY LAW OFFICE is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     PHILIP LOWERY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30.     PHILIP LOWERY is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     Within the one year immediately preceding the filing of this complaint, LOWERY LAW OFFICE contacted PAWELCZAK via telephone in an attempt to collect the Pawelczak Obligation.

32.     Within the one year immediately preceding the filing of this complaint, LOWERY LAW OFFICE placed telephone calls to PAWELCZAK and left pre-recorded telephonic voice messages ("Messages") on her home telephone voicemail system in an attempt to collect the Pawelczak Obligation.

33.     The following is a transcription of one such Message that LOWERY LAW OFFICE left for PAWELCZAK on October 6, 2009:

> "This is The Lowery Law Firm trying to reach -- *Anna, Pawelczak*. Please ask -- *Anna, Pawelczak* -- to call us at 866-202-0021. Thank you. Goodbye."

34.     An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking ***here***.

35.     The following is a transcription of one such Message that LOWERY LAW OFFICE left for PAWELCZAK on October 14, 2009:

> "This is The Lowery Law Firm trying to reach -- *Anna, Pawelczak*. Please ask -- *Anna, Pawelczak* -- to call us at 866-202-0021. Thank you. Goodbye."

36.     An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking ***here***.

37.     The following is a transcription of one such Message that LOWERY LAW OFFICE left for PAWELCZAK on October 15, 2009:

> "This is The Lowery Law Firm trying to reach -- *Anna, Pawelczak*. Please ask -- *Anna, Pawelczak* -- to call us at 866-202-0021. Thank you. Goodbye."

38.     An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking ***here***.

39.     Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

40.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

41.     Each of the Messages was left, or caused to be left, by persons employed as debt collectors by LOWERY LAW OFFICE.

42.     Each of the Messages uniformly failed to identify LOWERY LAW OFFICE by its true legal name as the caller.

43.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

44.     Each of the Messages uniformly failed to disclose the nature or purpose of the communication (i.e., an attempt to collect a debt).

45.     At the time PAWELCZAK received the Messages, she did not know that the calls were from LOWERY LAW OFFICE.

46.     At the time PAWELCZAK received the Messages, she did not know that the calls were from a debt collector.

47.     At the time PAWELCZAK received the Messages, she did not know that the calls concerned the collection of a debt.

48.     The telephone number "866-202-0021" is answered by debt collectors employed by LOWERY LAW OFFICE.

49.     LOWERY LAW OFFICE's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

50.     LOWERY LAW OFFICE's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

51.     The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that LOWERY LAW OFFICE is a debt collector in a manner

understandable to the least sophisticated consumer, LOWERY LAW OFFICE has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

52.     To date, PAWELCZAK has not received any written communications from LOWERY LAW OFFICE.

## V.  POLICIES AND PRACTICES COMPLAINED OF

53.     It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

    (a)     Provide meaningful disclosure of LOWERY LAW OFFICE's identity as the caller;

    (b)     Disclose that the communication was from a debt collector;

    (c)     Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt); and

    (d)     Use the true name of LOWERY LAW OFFICE's business, company, or organization.

54.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

55.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     This claim is brought on behalf of a Plaintiff Class, consisting of (a) all persons (b) with telephone numbers in the "847" area code (c) for whom Defendant left an automated voicemail or answering machine message (d) that did not meaningfully identify Defendant, state that the call was for collection purposes, or used the name "Lowery Law Firm" (e) during a period beginning one year prior to the filing of this initial action and ending 20 days after the filing of this Complaint.

57.     The identities of all class members are readily ascertainable from the records of LOWERY LAW OFFICE and those companies and governmental entities on whose behalf it attempt to collects debts.

58.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(11), and 1692e(14).

60.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

61.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

62.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(11), and 1692e(14).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

63. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

65. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of LOWERY LAW OFFICE's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(c) Failing to disclose in its initial communication with the consumer that LOWERY LAW OFFICE is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11);

(d) Failing to disclose in all oral communications that LOWERY LAW OFFICE is a debt collector in violation of 15 U.S.C. §1692e(11); and

(e) Using a business, company, or organization name other than the true name of LOWERY LAW OFFICE's business, company, or organization in violation of 15 U.S.C. §1692e(14).

## VIII.  PRAYER FOR RELIEF

66.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.    **For the CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing PAWELCZAK and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for PAWELCZAK and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Declaratory relief adjudicating that LOWERY LAW OFFICE's telephone messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     April 9, 2010

                              Respectfully submitted,

                              s/Daniel A. Edelman
                              Daniel A. Edelman
                              EDELMAN, COMBS, LATTURNER &
                              GOODWIN, LLC
                              120 S. LaSalle Street, Suite 1800
                              Chicago, Illinois  60603-3403
                              Telephone: (312) 739-4200
                              Facsimile: (312) 419-0379 (FAX)
                              E-Mail:  dedelman@edcombs.com


                              William F. Horn
                              Law Office of William F. Horn
                              188-01B 71 Crescent
                              Fresh Meadows, NY 11365
                              Telephone:  (718) 785-0543
                              Facsimile:  (866) 596-9003
                              E-Mail:  whornlegal@gmail.com

                              *Attorneys for Plaintiffs, Anna Pawelczak and
                              all others similarly situated*

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3403
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)
E-Mail: dedelman@edcombs.com

William F. Horn
Law Office of William F. Horn
188-01B 71 Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com